
DA 17-0279

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 34N

IN THE MATTER OF:

G.P., D.P., and M.P.,

Youths in Need of Care.

APPEAL FROM:     District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause Nos. DN 14-08, DN 14-09, and
DN 14-10
Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Gregory D. Birdsong, Birdsong Law Office, PC, Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Wyatt A. Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  February 7, 2018

Decided:  February 27, 2018

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 T.R. (Mother) appeals the order from the Sixteenth Judicial District Court, Custer County, terminating her parental rights to her three children, G.P., M.P., and D.P. We affirm.

¶3 Mother and C.P. (Father) are the birth parents of G.P., M.P., and D.P. In early October 2014, the Montana Department of Public Health and Human Services, Child and Family Services Division (the Department) received a report about the family regarding the conditions of the home, drug use by both birth parents, and ongoing domestic violence. This was not the first report that the Department had received. After an initial investigation by the Department, the children were placed in protective custody on October 20, 2014. The District Court adjudicated the children as Youths in Need of Care in April 2015 and ordered the Department to develop treatment plans for the birth parents. The District Court approved the first Department-proposed treatment plan in July 2015 and a second in January 2016. Mother's treatment plans addressed three areas of concern: possible chronic substance abuse, possible domestic violence, and inability to provide or maintain a safe and clean home. The plans grouped tasks into these three categories and included requirements to complete chemical dependency and psychological evaluations.

2

¶4 From the beginning, the birth parents informed the Department that they would not cooperate or complete any tasks from the treatment plans. They both failed to attend multiple appointments for evaluations that the Department set up for them. They expressed to the Department that they did not feel it was necessary to comply with the treatment plans. They maintained that the Department did not have the right to remove their children because there was no hard evidence of drug use or domestic violence.

¶5 The birth parents moved out of Custer County during these proceedings. Two days before the termination hearing, Mother and Father moved to appear at the hearing via Judicial Video Network (JVN) due to outstanding warrants for their arrest in Custer County. The District Court denied the motion, citing the difficulty with communication between the birth parents and their respective counsels, which previously had resulted in multiple continuances. The court addressed the outstanding warrants issue by ordering that, pursuant to § 46-15-120(1), MCA, neither parent could be arrested or subjected to service of process for any matter that arose before the date of the hearing if they came to court for the hearing. Neither Mother nor Father attended the termination hearing.

¶6 After the hearing, the District Court terminated both parents' rights under § 41-3-609(1)(f), MCA. The District Court found that the children had been adjudicated Youths in Need of Care, that the treatment plans were appropriate, that Mother and Father had failed to comply with the treatment plans, and that the conduct or condition of the parents rendering them unfit was unlikely to change within a reasonable time.

¶7 We review for abuse of discretion a district court's termination of parental rights. *In re D.B.*, 2007 MT 246, ¶ 16, 399 Mont. 240, 168 P.3d 691. A parent's right to the care

and custody of children is a fundamental liberty interest, which must be protected by fundamentally fair procedures. *In re D.B.*, ¶ 17. Thus, a district court must adequately address each applicable statutory requirement. *In re D.B.*, ¶ 17. We review a district court's factual findings for clear error and conclusions of law for correctness. *In re D.B.*, ¶ 18.

¶8 The State bears the burden of proving by clear and convincing evidence that a treatment plan is appropriate. *See* § 41-3-422(5)(a)(iv), MCA; *In re D.B.*, ¶ 33. This Court has not adopted "any single, generalized definition of an 'appropriate' treatment plan." *In re D.B.*, ¶ 32. To determine whether a treatment plan is "appropriate," we consider multiple factors, such as: "whether the parent was represented by counsel, whether the parent stipulated to the plan, and whether the plan 'takes into consideration the particular problems facing both the parent and the child.'" *In re D.B.*, ¶ 32 (quoting *In re A.N.*, 2000 MT 35, ¶ 27, 298 Mont. 237, 995 P.2d 427). Further, "the State has a duty to act in good faith in developing and executing a treatment plan to preserve the parent-child relationship and the family unit." *In re D.B.*, ¶ 33.

¶9 Mother argues that the Department failed to prove that her treatment plans were appropriate and that the District Court abused its discretion when it denied her motion to appear at the termination hearing via JVN.

¶10 First, Mother argues that her treatment plans were not appropriate because the record does not demonstrate conclusively that she reviewed the treatment plans or that she was aware of her right to object to them. Appointed counsel was present at the hearing in which the court adjudicated the children as Youths in Need of Care and ordered the

4

Department to develop treatment plans. Certificates of service demonstrate that Mother was served the court-ordered treatment plans through her appointed counsel. Mother, through counsel or otherwise, did not object to either treatment plan. Further, testimony from the Department's witnesses established that Mother was aware of the treatment plans and tasks contained therein and that she communicated to the Department that she did not intend to comply with the plans. Although five different attorneys represented Mother over the course of these proceedings and the record demonstrates Mother's attorneys had difficulties communicating with her, Mother was nonetheless represented by counsel throughout the proceedings. None of Mother's attorneys raised any concern with the treatment plans or the circumstances of their adoption. Under these facts, the lack of record demonstrating Mother's review of the plans or that she was aware she could object to them does not prove that Mother's treatment plans were not appropriate.

¶11 Mother argues further that the treatment plans were not appropriate because they failed to address her particular problems as a victim of domestic violence. The treatment plans addressed the three areas of concern that initially led to the removal of the children. One of the three areas of concern that both of Mother's treatment plans addressed was possible domestic violence. To address the possible history of domestic violence, both plans required Mother to complete a psychological evaluation to assess her mental health, parenting ability, and history of domestic violence; to participate in counseling that addresses domestic violence; and to participate in a parenting program. Throughout the proceedings, Mother denied that she was a victim of domestic violence and declined to attend multiple psychological evaluations that the Department scheduled for her.

¶12 Mother argues that the treatment plans did not take into account the inherently coercive and dominant control that Father exercised over her and that the Department did not revise the treatment plan once the problems with the parents' relationship became evident. Though troubling, these concerns were never raised with the District Court, and consequently the record is not developed on the points Mother raises on appeal. This Court will not review challenges to treatment plans on appeal when such objections are not raised before the district court. *In re D.S.B.*, 2013 MT 112, ¶ 10, 370 Mont. 37, 300 P.3d 702. Therefore, we conclude that the District Court did not abuse its discretion in finding that Mother's treatment plans were appropriate.

¶13 Finally, Mother argues that the District Court abused its discretion when it denied her motion to appear via JVN for the termination hearing. On appeal, Mother argues that the court should have recognized based on the record before it that Mother's poverty, unreliable vehicles, and lack of a valid driver's license were impediments to her personal attendance at the termination hearing. Mother also points out that the court had allowed her to appear via JVN at prior hearings. Mother's motion to appear via JVN stated that one or both of the birth parents had active warrants in Custer County and that they were afraid they would be arrested if they appeared in court. The District Court explained that it was denying the motion because of the prior difficulty in communication between the birth parents and their counsel. The court addressed the single concern raised by Mother and Father in the motion by ordering that they could not be arrested in connection with matters that arose before the hearing date on the day of the hearing. The District Court

having had no opportunity to address the concerns Mother now raises, we conclude that it did not abuse its discretion when it denied Mother's motion to appear via JVN.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's rulings were not an abuse of discretion, and the judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR